Houston, J.
The plaintiff, Donnalee Caldbeck (“plaintiff’), seeks to order state payment of certain fees and costs incurred by her in her preparation of the underlying action in which she alleges that the defendant, Robert Evers (“Evers”), sexually abused her during the course of their therapist-patient relationship. Plaintiff seeks to recover transcription costs, *636 expert fees and copying costs. For the following reasons plaintiffs motion is ALLOWED.
LEGAL DISCUSSION
General laws chapter 261, §27C(4) governs whether extra fees and costs should be borne by the Commonwealth. That statute states, in relevant part, that:
If the Court makes a finding of indigence, it shall not deny any request with respect to normal fees and costs, and it shall not deny any request with respect to extra fees and costs if it finds the document, service or object is reasonably necessary to assure the applicant as a prosecution, defense or appeal as he would have if he were financially able to pay.
G.L.c. 261, §27C(4). The Supreme Judicial Court has interpreted this statute to mean that the standard is essentially one of reasonableness, and looks to whether a party paying the expenses himself would consider the “document, service or object” sufficiently important that he would choose to obtain it in preparation for his trial. Commonwealth v. Lockley, 381 Mass. 156, 160 (1980). “Extra fees and costs” are those that result when a party employs or responds to a procedure not necessarily required in the particular type of proceeding, such as witnesses’ fees, expert assistance and appeal bond premiums. Id. at n.2. In making this determination under G.L.c. 261, §27(c), the judge should look at the cost of the item requested, the uses to which it may be put at trial and the potential value of the item to the litigant. Id. at 161.
In the present case the court finds that the extra fees and costs requested by plaintiff including transcription costs ($1000), expert fees ($3,500) and copying charges ($500), are reasonable costs necessary to the adequate preparation of plaintiffs case. Such services are generally used in preparation for trial and are not unusual in any way. Although Evers argues that such fees are usually awarded only in criminal cases, the court notes that nothing in the language of G.L.c. 261, §27(C) limits the awarding of fees to criminal defendants. Rather, G.L.c. 261, §27(c) describes fees incurred in the prosecution, defense or appeal of a case. Plaintiff has proven her indigent status, and is therefore entitled to state assistance in the preparation of her case. Therefore, plaintiffs motion will be allowed.
ORDER
It is hereby ORDERED that plaintiff Donnalee Caldbeck’s motion for extra fees and costs be ALLOWED and that judgment shall enter accordingly.